**ALLEN et al. v. CRANE.**

No. 12538.

Court of Civil Appeals of Texas.
San Antonio.

March 25, 1953.

Rehearing Overruled April 29, 1953.

San Antonio, and concerns Sections 16 and 18 of Article 1269m, Vernon's Ann.Civ. Stats.

On July 15, 1952, appellee was indefinitely suspended from the San Antonio Police Department by an order of the Chief of Police. Within the required time, he perfected his statutory appeal to the Firemen's and Policemen's Civil Service Commission. On August 7, 1952, that Commission issued an order reciting and finding as a fact that appellee unjustifiably struck a named person and then stated:

"It is the opinion of the Board that the said indefinite suspension should be confirmed. Therefore, we are this date instigating procedure to remove you from the Police Department and the payroll."

Appellee then undertook to appeal from that order within ten days, that being the time required by Section 18 of Article 1269m. He asserted that the order of the Commission was void because it did not include certain mandatory orders required by Section 16 of Article 1269m. That section states, among other matters: "Said decision shall state whether or not the suspended officer or employee shall be permanently or temporarily dismissed from the Fire or Police Department or be restored to his former position or status in the classified service in the department." The order did not so state, and whether the officer was dismissed is undetermined. The trial court upheld appellee's contention and stated that the Commission's order "is merely an expression of an opinion of the said Civil Service Commission," and held further that the order was not a final decision, as expressly required by the law.

■ However, that status, rather than constituting reasons to nullify the Commission's decision as was ordered by the trial court, was proof of the nonexistence of a final decision. "Final decision" means a decision which leaves nothing open to dispute. So long as matters remain open, unfinished or inconclusive, there is no final decision. See Holdsworth v. U. S., 1 Cir., 179 F.2d 933, 935. A final decision by the Commission was a necessary predicate to

Harvey L. Hardy and James V. Mondin, San Antonio, for appellants.

Lacy & Montemayor, San Antonio, for appellee.

POPE, Justice.

This is an appeal from a judgment setting aside and cancelling an order of the Civil Service Commission of the City of

an appeal to the district court. Appellee should take steps to procure such a final appealable order from the Commission. Federal Power Commission v. Metropolitan Edison Company, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408.

 Since the appeal from the Commission to the district court was a nullity, the appeal to this Court is void. The judgment is reversed and the cause dismissed, leaving this matter pending before the Civil Service Commission for final disposition.