**The CITY OF HOUSTON et al., Appellants,**

v.

**Billy S. TURNER et al., Appellees.**

**No. 13911.**

Court of Civil Appeals of Texas.

Houston.

March 8, 1962.

R. H. Burks, City Atty., Charles A. Easterling, Senior Asst. City Atty., Houston, for appellants.

Charles E. Heidingsfelder, Jr., Houston, for appellees.

BELL, Chief Justice.

Appellees, Billy S. Turner and Wallace E. Crowder, were and are police officers of the City of Houston. On February 22, 1961, they were indefinitely suspended from their position as police officers. It is not necessary for purposes of this appeal to notice the rule infractions charged against them. Each appellee appealed to the Civil Service Commission and after a hearing that body entered the following order in each case:

"On this the 13th day of March 1961, the Commission considered the evidence heard in the matter of the appeal of ———————— from an order of indefinite suspension as Detective, Police Department, City of Houston, Houston, Texas. From all the facts presented to this honorable body, the Commission is of the opinion and finds that the evidence was not sufficient for an indefinite suspension, and instead assesses a temporary suspension of 60 days, effective February 22, 1961 through April 22, 1961.

"It is, therefore considered by the Commission and so ordered that the ap- :

peal of ————— be sustained and that ————— be reinstated on April 23, 1961, as a Detective in the Police Department, with a base pay of $457.00 per month, plus longevity, and that he serve a probationary period of one year in this classification. If, within the one year probationary period, it becomes necessary for the Chief of the Police Department to discipline ————— in any way, then the indefinite suspension will automatically become effective."

Each appellee filed suit in the District Court, seeking to set aside the order and seeking recovery of 60 days' salary. The orders were attacked on the ground there was no substantial evidence to support them and because the Commission had no jurisdiction to assess the probationary sentence contained in the last paragraph of the above-quoted order.

The trial court held the order null and void and entered a money judgment in favor of each appellee for 60 days' salary. The basis of the court's action holding the order void is not stated. We have no statement of facts before us.

■ Appellant has asserted several points of error. We need notice only the assertion that the trial court was without jurisdiction because there was no final order entered by the Commission. We sustain this point.

■ The appeal to the courts is limited to a final order of the Civil Service Commission. Allen v. Crane, Tex.Civ.App., 257 S.W.2d 357, ref., n. r. e. To be a final order there must be nothing left open for disposition. Where some right is made contingent upon the occurrence of some future event, the order is not final. Allen v. Crane, supra.

Here the order provides that if within one year any disciplinary action becomes necessary, then the indefinite suspension will automatically become effective. The presence

of such a provision leaves something to be determined in the future.

Appellees urge that fixing a probationary period is beyond the power of the Commission. Appellants seem to concede as much. This may be true but the presence in the order as entered by the Commission of the provision that if any disciplinary action is necessary within one year the indefinite suspension given in this case by the Chief of Police shall automatically become effective amounts to a failure to finally and definitely set aside the indefinite suspension. For all we know, a 60 day suspension assessed may have been dependent on the authority of the Commission to fix a period of probation.

The judgment of the trial court is reversed with directions to enter a judgment dismissing the appeal for want of jurisdiction. Appellees may obtain a final order from the Commission and may then institute their appeal if they so desire.