Robert B. **PAYNE** et al., Appellants,

v.

**TEXAS WATER QUALITY BOARD and the Town of Flower Mound, Appellees.**

No. 17897.

Court of Civil Appeals of Texas, Dallas.

June 8, 1972.

Rehearing Denied June 29, 1972.

Henry Seeligson, Seeligson & Payne, Dallas, for appellants.

Crawford C. Martin, Atty. Gen., Roland Allen, Asst. Atty. Gen., Austin, H. Louis Nichols, Saner, Jack, Sallinger & Nichols, Dallas, for appellees.

BATEMAN, Justice.

The sole question presented here is whether the appellants were entitled to appeal from an order of Texas Water Quality Board granting "preliminary approval" of an application for a waste control order filed by the Town of Flower Mound, Texas. Alleging that they owned lands adjacent to the site of a proposed processing plant, the appellants endeavored by the filing of this suit to perfect an appeal from the action of the Texas Water Quality Board giving "preliminary approval" to Flower Mound's application for a waste control ordinance. The Board's letter to the Mayor of Flower Mound, advising him of said "preliminary approval" also stated that before the Board could take final action on the application, plans and specifications for the proposed plant would have to be approved by the appropriate state agency. Holding that the suit was prematurely filed, the trial court sustained the Board's plea in abatement and dismissed the suit. We affirm.

§ 21.451, of the Texas Water Code, V.T. C.A., provides:

"(a) A person affected by any ruling, order, decision, or other act of the board may appeal by filing a petition in a district court of Travis County or in a district court of the county of his residence.

"(b) The petition must be filed within 30 days after the date of the board's action, or, in case of a ruling, order, or decision, within 30 days after its effective date.

\* \* \* \* \* \*

"(e) In an appeal of a board action other than cancellation or suspension of a permit, the issue is whether the action is invalid, arbitrary, or unreasonable.

The general rule is that courts will review only final actions of an administrative agency having exclusive jurisdiction of the matter concerned, and a final decision is defined as one that leaves nothing open to dispute. 1 Tex.Jur.2d, Administrative Law, Etc., § 38, p 678; Allen v. Crane, 257 S.W.2d 357 (Tex.Civ.App., San Antonio 1953, writ ref'd n.r.e.); City of Houston v. Turner, 355 S.W.2d 263 (Tex.Civ.App., Houston 1962, no writ).

It is true that the above quoted language in § 21.451(a) is very broad, and if we were to give it a literal interpretation an appeal from anything whatever that the Water Quality Board might do or not do would be permitted. In our opinion, however, the legislature did not intend for the language used to have that meaning. As said in Sun Oil Company v. Railroad Commission of Texas, 158 Tex. 292, 311 S.W. 2d 235, 236 (1958), the language is "undoubtedly not intended to be free of all limitation." See also Sproles Motor Freight Line v. Smith, 130 S.W.2d 1087 (Tex.Civ. App., Austin 1939, writ ref'd); and Texas State Board of Examiners in Optometry v. Carp, 162 Tex. 1, 343 S.W.2d 242, 246 (1961).

It is our holding that appellants had no right to appeal from the said interlocutory action of the Board and that, as held by the trial court, the filing of the suit was premature. The order of dismissal is therefore affirmed.