**WALKER CREEK HOMEOWNERS ASSOCIATION OF ELLIS COUNTY, Texas, Appellant,**

v.

**TEXAS DEPARTMENT OF HEALTH RESOURCES et al., Appellees.**

**No. 12934.**

Court of Civil Appeals of Texas, Austin.

April 11, 1979.

Guy C. Fisher, Austin, for appellant.

John L. Hill, Atty. Gen., Richard W. Lowerre, Asst. Atty. Gen., Austin, for Texas Dept. of Health.

Robert H. Lloyd, Paul G. Gosselink, Booth, Lloyd & Simmons, Austin, for City of Ennis.

PHILLIPS, Chief Justice.

This suit was brought by the Walker Creek Homeowners Association of Ellis County, Texas, to set aside an order of the Texas Department of Health Resources, now the Texas Department of Health, granting a permit to the City of Ennis to operate a sanitary landfill some 2.7 miles from the city. The trial court rendered judgment upholding the order.

In June of 1976, the City of Ennis filed an application to operate a solid waste disposal site in Ellis County. The application was processed in accordance with the Solid Waste Disposal Act[1] and the rules of the Department.[2]

Pursuant to the statute and following notice, a public hearing was held in August of 1976, and the permit was issued the following October. Several parties filed motions for rehearing, which were granted, and a second hearing was held in February of 1977. Pursuant to this second hearing a new permit was issued to the City of Ennis in June of 1977.

This case is controlled by appellant's fourth point of error; therefore, we do not reach the other points. Appellant contends that the Department's order granting appellee's permit was not final and not reviewable. The basis for this contention is that certain conditions are imposed in the permit in two pages entitled "Special Provisions For Municipal Solid Waste Permit No. 947."

The permittee is required to ". . . properly close and plug all existing water wells" in accordance with appropriate agency rules. Appellee shall also "complete and submit a plugging report within sixty (60) days after the date of this permit. . . . All plugging operations shall be tested by the party performing the operations in order to insure compliance with the provisions of the above-mentioned Rule."

Next, the permittee "shall provide to the Department a certificate from a registered professional engineer that testing by a soils laboratory of soil layers, in their undisturbed, natural, or original condition, that will form the bottom and sides of such excavation has been performed and lining provided where necessary."

The permit also prescribes that "[w]hen disposal operations are completed and/or before abandonment of the site, the disposal area shall be completely and properly closed in accordance with the regulations" of the Department.

Appellant does not contend that any of the foregoing conditions make the agency's order interlocutory. Appellant's contention is that the following condition alone renders the order interlocutory.

"*Access:* Before this site becomes operational, the permittee shall submit to, and obtain approval from, the Department a site access plan indicating the capability of the said permittee to construct and maintain an all-weather access road from the site entrance to an existing public road which will provide access to the site.

---

1. Tex.Rev.Civ.Stat. Ann. art. 4477–7 (Supp. 1978).

2. Texas Dept. of Health Resources, Rules 301.-75.03001.010 (1976).

The said all-weather access road shall be provided in accordance with the requirements of [agency regulations]."

We agree.

An administrative order must leave nothing open to dispute in order to be a final order. *Payne v. Texas Water Quality Board,* 483 S.W.2d 63 (Tex.Civ.App.1972, no writ); *City of Houston v. Turner,* 355 S.W.2d 263 (Tex.Civ.App.1962, no writ); *Allen v. Crane,* 257 S.W.2d 357 (Tex.Civ.App. 1953, writ ref'd n. r. e.). "So long as matters remain open, unfinished or inconclusive, there is no final decision." *Id.* at 358.

Undoubtedly agencies may set certain conditions in a permit which must be satisfied before operation under the permit may commence. The legislature recognized this as evidenced by section 4(e)(2) of the Solid Waste Disposal Act. It provides that "[t]he permit shall include . . . the terms and *conditions* on which the permit is issued, including the duration of the permit." (Emphasis added). The first conditions quoted from the City's permit are examples. The permit was issued subject to those conditions, and if not met the Department may act to cancel or revoke the permit. These conditions do not involve any discretion on the part of the agency.

It is also obvious, however, that there is a limit on the extent to which an agency may impose conditions and still have issued a final order. The condition on access, unlike the other "Special Provisions," is not merely a self-reporting requirement, as appellee City of Ennis argues. It requires that the City "obtain approval" of its site access plan. This concerns the City's ability to construct and maintain a satisfactory access road, a matter which is still open to question.

This aspect of the condition on access is not to be confused with the fact that the City still has to acquire legal title to the roadway. The Department could issue a final permit subject to permittee obtaining title to the land in question.

The Department's condition is not limited, however, to requiring proof that the City has acquired legal title to the roadway. The City is required to bring forward a "site access plan" and have it approved. The language itself indicates that the Department has not already approved any access plan. Although the subject was discussed at the hearing, there is nothing to indicate the Department approved a plan. It is unclear what the plan is intended to encompass, but it may include such considerations as beautification of the roadway, reduction of traffic hazards, or the City's financial ability to maintain the road. At any rate, approval of the plan will be a process in which appellant has a great interest and right to participate. We hold, therefore, the granting of the permit was not a final order.

The judgment of the trial court is vacated and the cause is dismissed, leaving this matter pending before the Texas Department of Health for final disposition.

Judgment Vacated and Cause Dismissed.