**RAILROAD COMMISSION of Texas et al., Appellants,**

v.

**BRAZOS RIVER GAS COMPANY, Appellee.**

**No. 13019.**

Court of Civil Appeals of Texas, Austin.

Jan. 30, 1980.

Rehearing Denied Feb. 27, 1980.

Mark White, Atty. Gen., Joyce Beasley, Asst. Atty. Gen., Austin, for appellants.

C. C. Small, Jr., Small, Craig & Werkenthin, Austin, for appellee.

SHANNON, Justice.

Appellee Brazos River Gas Company filed an administrative appeal from the order of the Railroad Commission of Texas in Gas Utilities Docket No. 1472 in the district court of Travis County. The Commission's order concerned appellee's charges to its customers in Mineral Wells and environs for lost and unaccounted for gas pursuant to rates established previously by the Commission. After hearing, the district court entered judgment enjoining the Commission from enforcing its order in Docket No. 1472. The judgment will be vacated and the cause dismissed, leaving the matter pending before the Commission for final disposition.

The Commission issued its order in Docket No. 1472 on July 31, 1978. The Commission found in that order that appellee had charged its customers an amount for lost and unaccounted for gas in excess of rates established previously by Commission order. Appellee was required by the order to compute the amount it had collected as an adjustment for lost and unaccounted for gas and submit a plan for refund of that sum for review by the Commission. In its motion for rehearing filed with the Commission, appellee took the position that it had undercharged its customers because of inaccurate measurement of gas and failure to collect fully under its tax adjustment clauses.

In response to appellee's motion for rehearing, the Commission issued its order of September 18, 1978, in Docket No. 1472. The relevant part of that order is set forth below:

> "It is therefore ordered by the Railroad Commission of Texas that the Motion for Rehearing and Oral Argument be granted in part. The Examiner assigned to this case shall conduct a hearing to determine whether Brazos River Gas Company is entitled to reduce the amount of the refund previously ordered by the amount by which it may have undercollected due to gas measurement inaccuracy and failure to fully exercise its tax adjustment clauses. The hearing shall be concerned only with these issues; in all other respects, the Motion for Rehearing and Oral Argument is hereby denied."

On September 25, 1978, the gas company filed its administrative appeal of the July 3, 1978, order in Docket No. 1472. The Commission filed a plea to the jurisdiction. One basis for the plea was that the gas company's motion for rehearing was granted by the Commission and, as a result, there had been no final and appealable order entered in Docket No. 1472.

Upon hearing, the district court overruled the plea to the jurisdiction and entered judgment permanently enjoining the Commission from enforcing its order of July 31, 1978, in Docket No. 1472 insofar as the order had the effect of denying the gas company the right to periodically adjust its customer billings to recover the increasing cost of its purchased gas volume including the lost and unaccounted for gas.

Appellants' point of error two is that the district court erred in overruling its plea to the jurisdiction because the order in Docket No. 1472 was not final and appealable under the provisions of the Administrative Procedure and Texas Register Act, Tex. Rev.Civ.Stat.Ann. art. 6252–13a (Supp. 1980).

Before judicial review of an administrative order is afforded, the order must be final and appealable. Tex.Rev.Civ.Stat. Ann. art. 6252–13a § 19(a) and (b) (Supp. 1980). Section 19 of the Act codifies pre-existing law that only final administrative orders may be judicially reviewed. *Sun Oil Company v. Railroad Commission of Texas*, 158 Tex. 292, 311 S.W.2d 235 (1958); *Sproles Motor Freight Line v. Smith*, 130 S.W.2d 1087 (Tex.Civ.App.1939, writ ref'd).

■ A final administrative order is one that leaves nothing open for future disposition. If a right is made contingent upon the occurrence of some future event, the order is not final. *Railroad Commission of Texas v. Air Products and Chemicals, Inc., et al.*, 594 S.W.2d 219 (Tex.Civ.App.1980); *Mahon v. Vandygriff*, 578 S.W.2d 144 (Tex. Civ.App.1979, writ ref'd n. r. e.); *City of Houston v. Turner*, 355 S.W.2d 263 (Tex. Civ.App.1962, no writ); *Payne v. Texas Water Quality Board*, 483 S.W.2d 63 (Tex. Civ.App.1972, no writ). " 'Final decision'

means a decision which leaves nothing open to dispute. So long as matters remain open, unfinished or inconclusive, there is no final decision." *Allen v. Crane*, 257 S.W.2d 357 (Tex.Civ.App.1953, writ ref'd n. r. e.); *Walker Creek Homeowners Ass'n v. Texas Department of Health Resources*, 581 S.W.2d 196 (Tex.Civ.App.1979, no writ).

■ The order of September 18, 1978, in Docket No. 1472 shows that the Commission granted in part the gas company's motion for rehearing. In so doing, the Commission determined to hold further hearings to ascertain whether the gas company was entitled to reduce the amount of the refund previously ordered by the sums it may have undercollected due to gas measurement inaccuracy and failure to fully exercise its tax adjustment clauses. No order of severance was entered. The order recited that in all other respects, the Commission overruled the gas company's motion for rehearing.

The order of September 18, 1978, on its face, demonstrates that the Commission reserved issues for determination at a later time. After the date of the order, it will be necessary for the Commission to resolve those issues before the entire controversy is settled and determined. The issues remaining to be heard will require factual determinations by the Commission, and the Commission must then exercise its function by applying its rules and law to the facts.

There is no final and appealable order in Docket No. 1472, because issues were left open for future disposition by the Commission. *Mahon v. Vandygriff, supra; Allen v. Crane, supra.* A final and appealable order by the Commission was a necessary predicate to judicial review by the district court of Travis County.

Because the appeal from the Commission to district court was a nullity, the appeal to this Court is void. The judgment is reversed and the cause is dismissed, leaving the matter pending before the Commission for final disposition. *Allen v. Crane, supra.*