Billy G. FINCHER, Appellant,

v.

CITY OF TEXARKANA, Texas Civil Service Commission, Appellee.

No. 8744.

Court of Civil Appeals of Texas, Texarkana.

March 18, 1980.

Rehearing Denied April 15, 1980.

M. Mark Lesher, Lesher & Doshier, Texarkana, for appellant.

Paul B. Higgins, City Atty., Gregory S. Torrance, Asst. City Atty., Texarkana, for appellee.

CORNELIUS, Chief Justice.

Lt. Bill Fincher of the Texarkana, Texas police was indefinitely suspended from the force by the police chief. He was notified of the suspension by letter which attached a statement of the reasons for the action. Lt. Fincher appealed the suspension to the Texarkana Civil Service Commission which held a hearing and then entered an order sustaining the chief's action. Fincher then appealed to the District Court of Bowie County. After a trial de novo, the district court affirmed the civil service commis-

sion's order. Lt. Fincher has appealed that decision to this Court, raising four points of error, but it is not necessary for us to discuss those points, because we have determined that the district court was without jurisdiction to consider the appeal.

Tex.Rev.Civ.Stat.Ann. art. 1269m, § 16, provides in part as follows:

". . . The Commission shall hold a hearing and render a decision in writing within thirty (30) days after it receives said notice of appeal. Said decision *shall state whether or not the suspended officer or employee shall be permanently or temporarily dismissed . . . or be restored to his former position . . .".* (Emphasis supplied.)

The order issued by the commission here stated simply:

"We the undersigned Civil Service Commission affirm the decision of the Chief of Police of Texarkana, Texas, regarding his indefinite suspension of Police Lieutenant Bill Fincher."

■ The commission's order apparently was not introduced in evidence at the trial de novo, but the city's answer had a copy of the order attached to it, and the other pleadings referred specifically to it. Thus, the pleadings, which cast the controversy in the trial court and joined the issue to be determined, show on their face that the order is not a final order because it failed to order a definite suspension or other disposition. Neither a dismissal, a reinstatement nor a definite time of suspension was ordered, but the matter was left open. Consequently, it was not a final, appealable order. *City of Houston v. Turner,* 355 S.W.2d 263 (Tex.Civ.App. Houston 1962, no writ); *Allen v. Crane,* 257 S.W.2d 357 (Tex. Civ.App. San Antonio 1953, writ ref'd n. r. e.).

■ Since the order was not a final order, the district court never acquired jurisdiction. A court's lack of jurisdiction of the subject matter is fundamental error and must be noted and reviewed by the appellate court at any time it appears. *Texas Employment Commission v. International*

*Union of E., R. & M. Workers*, 163 Tex. 135, 352 S.W.2d 252 (1961); *Fox v. Carr*, 552 S.W.2d 885 (Tex.Civ.App. Texarkana 1977, no writ). The judgment will therefore be reversed and the cause of action in the district court will be dismissed, leaving the proceeding pending in the civil service commission for entry of a final order. See *City of San Antonio v. Crane*, 265 S.W.2d 124 (Tex.Civ.App. San Antonio 1954, no writ).

It is so ordered.

HUTCHINSON, J., not participating.