**CITY OF AUSTIN, Appellant,**

v.

**Bolton GREGORY, Appellee.**

No. 8816.

Court of Civil Appeals of Texas, Texarkana.

April 7, 1981.

Jerry L. Harris, City Atty., Albert De La Rosa, Asst. City Atty., Austin, for appellant.

Robert O. Smith, Salmanson, Smith & Mouer, Austin, for appellee.

BLEIL, Justice.

The City of Austin appeals from the granting of a writ of mandamus ordering reinstatement and back pay for Bolton Gregory who had been suspended without pay for forty-five days from the City of Austin Police Department.

On appeal the City urges that the writ of mandamus should not have been granted because the Civil Service Commission had rendered a final decision so that Appellee Gregory had another plain and effective remedy, that of appeal to the district court. We affirm the finding of no final appealable decision by the Austin Civil Service Commission and overrule the City's two points of error.

On the 12th day of October 1978, Frank Dyson, Chief of the Austin Police Department, indefinitely suspended Lieutenant Bolton Gregory from his duties as an employee of the City of Austin and as a police officer. Appellee timely filed a written notice of appeal from that indefinite suspension with the City of Austin Civil Service Commission which set a hearing on the appeal for November 13, 1978. At that meeting, all members of the Commission were present, as were the parties to this controversy and their attorneys.

After the evidence was presented by interested persons, the Commission retired into executive session to deliberate on its decision with regard to Bolton Gregory's appeal. After their deliberation, the Commission reconvened and in open hearing read aloud a motion which it had prepared. The motion was approved and copies were handed to appellee's attorney.

Appellee, Bolton Gregory, was off duty for forty-five days without pay and filed his application for a writ of mandamus to recover that pay. The crux of Gregory's application to the trial court was that the chief of police indefinitely suspended him, that he properly appealed to the City of Austin Civil Service Commission, and that although the Civil Service Commission was required to hear his appeal and render a decision in writing within thirty days under Article 1269m, § 16, Tex.Rev.Civ.Stat.Ann., no such written decision was ever made as required by law. Due to the absence of a final decision from which an appeal is permissible, appellee sought a writ of mandamus. On November 29, 1978, a hearing was held on Gregory's application for mandamus and after hearing evidence, the court found that Gregory was entitled to the writ prayed for.

There seems to be little controversy as to the rules of law governing a matter such as this. When a commission does not issue a final written order, the district court acquires no jurisdiction to consider an appeal. *Fincher v. City of Texarkana*, 598 S.W.2d 22

(Tex.Civ.App.—Texarkana 1980, writ ref'd n. r. e.); *City of Houston v. Turner*, 355 S.W.2d 263 (Tex.Civ.App.—Houston 1962, no writ); *Allen v. Crane*, 257 S.W.2d 357 (Tex.Civ.App.—San Antonio 1953, writ ref'd n. r. e.). When a final written decision is made the dissatisfied officer is given the right to appeal to the district court. He is entitled to have the cause advanced on the docket of the district court, a preferential setting over all other cases, and such legal and equitable relief as may be appropriate. Tex.Rev.Civ.Stat.Ann. art. 1269m, § 18.

This case revolves around the factual question of whether the City of Austin Civil Service Commission entered a final written decision. If it did then the right of appeal is provided and the trial court's order directing the issuance of mandamus is improper. On the other hand, if no such final written decision was made, the action of the trial court was within its discretion and proper. Since no findings of fact and conclusions of law were requested or filed, it is presumed that the trial judge found every fact issue necessary to sustain the judgment, and it must be upheld on any legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977). In determining whether there is any evidence to support the judgment in the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contrary in nature. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). The trial court by implication necessarily found that there was no final decision of the Commission, that it had jurisdiction to hear the cause and that Bolton Gregory was entitled to the issuance of a writ of mandamus as a matter of law. Even if the motion relied on by appellant had been offered and admitted in evidence the trial court would have been justified in failing to find it to be a final decision. All of the findings implicit in the judgment of the trial court find sufficient support in the evidence.

The judgment is affirmed.