**CITY OF GRAND PRAIRIE, Appellant,**

v.

**Jimmy Lynn HORROCKS, Appellee.**

**No. 05–83–00945–CV.**

Court of Appeals of Texas, Dallas.

May 3, 1985.

Rehearing Denied June 11, 1985.

R. Clayton Hutchins, City Atty., Grand Prairie, for appellant.

Robert Charles Lyon, Mesquite, for appellee.

Before STEPHENS, SPARLING and McCLUNG,[1] JJ.

STEPHENS, Justice.

This case arose from the temporary suspension of an employee by the City of Grand Prairie. The employee timely appealed his suspension to the Civil Service Commission, which entered its oral order, but failed to reduce the order to writing as required by TEX.REV.CIV.STAT.ANN. art. 1269m, § 16 (Vernon Supp.1984). On appeal from the Civil Service Commission's oral order, the district court correctly held that the entry of a written order by the Civil Service Commission is essential to its jurisdiction, yet erroneously granted relief to the employee by ordering his reinstatement. On appeal we conclude that the city's point of error directed to the Civil Service Commission's jurisdiction is dispositive of this case, accordingly, we address only that point. We reverse and render.

After his indefinite suspension as a police officer of the City of Grand Prairie, Horrocks timely perfected an appeal to the Civil Service Board in accordance with TEX.REV.CIV.STAT.ANN. art. 1269m, § 17 (Vernon Supp.1984). The Board timely considered the appeal and rendered its oral decision. Dissatisfied with the Board's decision, Horrocks appealed to the district court for relief. The district court recognized that the action of the Civil Service Commission was void for its failure to hand down a written order in compliance with art. 1269m, but erred by entering its summary judgment ordering Horrock's reinstatement.

■ It is settled law that failure of the Civil Service Commission Board to enter a written decision in an appeal under the provisions of art. 1269m, is jurisdictional. *Bichsel v. Carver*, 159 Tex. 393, 321 S.W.2d 284 (1959); *City of Sherman v. Arnold*, 148 Tex. 516, 226 S.W.2d 620 (1950); *City of Texarkana v. Fincher*, 657 S.W.2d 842

(Tex.App.—Texarkana 1983, writ ref'd n.r. e.); *City of Austin v. Gregory*, 616 S.W.2d 329 (Tex.Civ.App.—Texarkana 1981, no writ); *Fincher v. City of Texarkana*, 598 S.W.2d 22 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.).

■ The district court was powerless to grant affirmative relief to either party on appeal. Its only power was to set aside the Civil Service Commission's oral order and dismiss the appeal. *Los Campeones, Inc. v. Valley International Properties Inc.*, 591 S.W.2d 312 (Tex.Civ.App.—Corpus Christi 1979, no writ); *State Ex Rel. Kelly v. Baker*, 580 S.W.2d 611 (Tex.Civ. App.—Amarillo 1979, no writ). Horrock's remedy from the void order of the Civil Service Commission was by way of mandamus, not by appeal. *Bichsel v. Carver*, 159 Tex. 393, 321 S.W.2d 284 (1959); *City of Austin v. Gregory*, 616 S.W.2d 329 (Tex. Civ.App.—Texarkana 1981, no writ).

The judgment of the trial court is reversed, and this appeal is dismissed.

SPARLING, J., not voting.

SPARLING, Justice, dissenting.
Civil litigation takes too long and costs too much. We must declare war on unnecessary court delay at the trial level. Justice delayed is justice denied.

Chief Justice John L. Hill
Supreme Court of Texas [1]

I agree with the majority that the commission's failure to issue a formal order in writing within 30 days violates section 16(a). However, I would affirm the summary judgment for Horrocks rather than reverse and dismiss—sending Horrocks back through the judicial system to try his case again under a different label.

In reversing, the majority "conclude[s] that the city's point of error directed to the Civil Service Commission's jurisdiction is dispositive of this case." Yet, there was no point of error questioning the jurisdiction

---

1. This case was originally submitted before Justices Rowe, Sparling, and Stephens. Justice McClung having now taken Justice Rowe's place on the court, participates.

1. Hill, *State of the Judiciary Message*, 48 TEX. B.J. 345 (1985).

of the Civil Service Commission, but rather the point of error questioned jurisdiction of the district court to hear the appeal. In apparent contradiction, even the majority writes to the issue of the jurisdiction of the district court, not that of the Civil Service Commission.

The majority's understanding of jurisdiction becomes suspect when it states "the district court was powerless to grant affirmative relief to either party on appeal. Its only power was to set aside the Civil Service Commission's oral order and dismiss the appeal".[2] In my view the *only* order that may issue from a court with no jurisdiction is dismissal, and I firmly believe that setting aside the Civil Service Commission's order is, in fact, affirmative relief.

As authority for the majority's thoughts on jurisdiction it cites *Los Campeones, Inc. v. Valley International Properties, Inc.,* 591 S.W.2d 312 (Tex.Civ.App.—Corpus Christi 1979, no writ), and *State Ex Rel. Kelley v. Baker,* 580 S.W.2d 611 (Tex.Civ. App.—Amarillo 1979, no writ). Both *Valley International* and *Kelly* stand for the proposition that an appellate court that does have jurisdiction may set aside the order of a trial court that did not have jurisdiction, and may order the appeal dismissed. In sum, the majority analogizes an order of an appellate court with jurisdiction to an order of a district court without jurisdiction.

Moreover, I disagree with the majority holding that Horrocks' *only* form of relief is by mandamus. In this era of epidemic litigation that taxes the resources of the judicial system, some deference should be made to judicial economy. I question why the majority chooses to require Horrocks to begin his case anew—by mandamus this time—when a simple affirmance would accomplish the same result? Certainly, no

existing precedent compels the majority's conclusion.

The majority relies heavily on *Bichsel v. Carver,* 159 Tex. 393, 321 S.W.2d 284 (1959), which states that "mandamus is a proper remedy in the situation presented." 321 S.W.2d at 287. However, the "situation presented" in *Bichsel* does not resemble the situation presented here. In *Bichsel,* the charges against a suspended police officer were first withdrawn from the Civil Service Commission and later erroneously amended and refiled. While this second appeal was pending before the commission, the officer obtained a writ of mandamus from a district court compelling his reinstatement on the ground that section 16 of the Civil Service Act[3] prohibited amendment of the original charges. The supreme court stated that mandamus was proper because the commission had no jurisdiction to uphold the officer's suspension on charges "not legally brought" under the act. 321 S.W.2d at 287. Further, the remedy of mandamus to reinstate an officer in a *Bichsel* situation is necessary to prevent a second hearing on a void pleading. However, in this case, unlike *Bichsel,* the charges against Horrocks were properly within the province of the commission. Although the *Bichsel* opinion does not state that appeal is improper, the majority cites *Bichsel* in support of that proposition.

Article 1269m, section 18 provides for the appeal of final commission decisions to district court. A decision is final when nothing is left open for disposition. *City of Houston v. Turner,* 355 S.W.2d 263, 264 (Tex.Civ.App.—Houston [14th Dist.] 1962, no writ); *Allen v. Crane,* 257 S.W.2d 357, 358 (Tex.Civ.App.—San Antonio 1953, writ ref'd n.r.e.). In the present case, the commission's order left nothing open for disposition; therefore it was a "final" decision even though it was not reduced to writing

---

**2.** Contrary to the majority's statement, the district court never held that a written order was "essential to its jurisdiction".

**3.** TEX.REV.CIV.STAT.ANN. art. 1269m, § 16(b) (Vernon Supp.1985). Although section 16 has

been amended since 1959, the words on which the supreme court based its holding in *Bichsel* have remained unchanged. All references herein to "the act" refer to article 1269m.

within thirty days. Thus, jurisdiction of an appeal was in the district court. *Turner,* 355 S.W.2d at 264. Moreover, if another remedy is available—as is an appeal in this case—the extraordinary remedy of mandamus is inappropriate. *See Iley v. Hughes* 158 Tex. 362, 311 S.W.2d 648, 652 (1958).

There is a presumption that the district court has jurisdiction over those matters it decides. *Burton v. McGuire,* 3 S.W.2d 576, 580 (Tex.Civ.App.—Beaumont 1928), *aff'd,* 41 S.W.2d 238 (Tex.Comm'n App. 1931, holding approved). Further, the jurisdiction of a district court may be reviewed by a reviewing court on its own motion. *Haskett v. Harris,* 567 S.W.2d 841, 843 (Tex.Civ.App.—Corpus Christi 1978, no writ). Therefore, I conclude that the failure of the district court or the appellate court to question an appeal from the commission to the district court is tacit approval of that procedure. Issues that are like or similar to the issues in this case have been decided on appeal rather than by writ of mandamus. *See Skates v. City of Paris,* 363 S.W.2d 425 (Tex.1963) (commission's order was void because it did not contain specific findings) *City of Texarkana v. Fincher,* 657 S.W.2d 842 (Tex.App. —Texarkana 1983, writ ref'd n.r.e.) (commission did not render a decision in writing within 30 days); *City of San Antonio's Firemen's and Policemen's Civil Service Commission v. Villanueva,* 630 S.W.2d 661 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.) (failure of city to comply with notice provisions rendered void the commission's order); *Todd v. City of Houston,* 508 S.W.2d 140, 142 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.) (commission failed to reduce its findings to writing within 30 days).

In the recently published opinion, *Patton v. City of Grand Prairie,* 686 S.W.2d 108 (Tex.1985), *rev'g* 675 S.W.2d 794 (Tex.App. —Dallas 1984), a companion to this case,[4] the Texas Supreme Court stated in broad but specific terms the rule regarding a

suspended officer's right to appeal to district court: "Any decision of a city's civil service commission concerning a suspension is now appealable to the district court...." and "[A]ny suspension, indefinite or temporary, which gives rise to a hearing before the civil service commission, entitles the affected officer to appeal the commission order to a district court." *Patton,* at 110. Nevertheless, in spite of the language of *Patton,* and the cases cited above that were decided by appeal, the majority has abolished Horrocks' right to appeal and holds instead that the extraordinary remedy of mandamus is the only remedy available to Horrocks.

I would hold that the district court had jurisdiction of the de novo appeal and properly granted Horrocks' summary judgment reinstating him with back pay. Accordingly, I would affirm the trial court.

---

**4.** I take judicial notice that in *Patton* the commission also failed to reduce the order to writing within 30 days—such failure was assigned

as error in this court. *See Griffith v. Tipps,* 69 S.W.2d 846, 849 (Tex.Civ.App.—Dallas 1934, no writ).