**PEOPLE AGAINST A CONTAMINATED ENVIRONMENT (PACE), Appellant,**

**v.**

**TEXAS AIR CONTROL BOARD, et al., Appellees.**

**No. 3–86–050–CV.**

Court of Appeals of Texas, Austin.

Feb. 18, 1987.

Rehearing Denied March 25, 1987.

Mr. W. Thomas Buckle, Austin, for appellant.

Jim Mattox, Atty. Gen., Honorable Scott Lehecks, Asst. Atty. Gen., R. Keith Hopson, Austin, for appellees.

Before SHANNON, C.J., and BRADY and CARROLL, JJ.

SHANNON, Chief Justice.

Appellant, People Against A Contaminated Environment (PACE), and others filed an administrative appeal from the order of the Texas Air Control Board in the district court of Travis County. The Board's order concerned the application of Envirosafe Services of Texas, Inc. for an exemption or a permit to construct a hazardous waste management facility in Liberty County. In addition to the administrative appeal, appellant sought certain declaratory relief. In response to motions of the Board and Envirosafe, the district court dismissed the administrative appeal for the reason that the agency order was not final.

---

The Board's order provides in pertinent part:

> NOW, THEREFORE, IT IS THE DECISION AND ORDER OF THE TEXAS AIR CONTROL BOARD THAT in accordance with the above Findings of Fact and Conclusions of Law, the Texas Air Control Board hereby denies Construction Permit and Exemption Application C–9175 to Envirosafe Services of Texas, Inc., and adopts the Specific Objections set out above. *Envirosafe Services of Texas, Inc. will be allowed to reopen its case before this agency within 180 days of November 8, 1985 to present evidence which addresses the objections stated by the Board.* (Emphasis supplied).[1]

Under its first point of error, appellant insists that the quoted agency order is final. This Court does not agree.

■ For a party to obtain judicial review of an administrative order, the order must be final and appealable. Tex.Rev.Civ.Stat. Ann. art. 6252–13a § 19 (Supp.1987). Section 19(a) of the statute provides in part, "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act." (Emphasis added). Section 19(b) provides further, "[p]roceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable." (Emphasis added). The requirement of finality in the Texas Administrative Procedure Act is not unusual in that many state statutes grant a right of appeal only from final orders. Even in states not having a specific statutory requirement of finality, the courts ordinarily hold that only final agency orders are reviewable. 2 Cooper, State Administrative Law, at 588 (1965). Section 19 of the Texas Act codifies the pre-existing rule in Texas that only final administrative orders may be judicially reviewed. *Sun Oil Company v. Railroad Commission of Texas,* 158 Tex. 292, 311 S.W.2d 235 (1958); *Sproles Motor Freight Line v. Smith,* 130 S.W.2d 1087 (Tex.Civ. App.1939, writ ref'd).

■ A final administrative order is one that leaves nothing open for future disposition. "If a right is made contingent upon the occurrence of some future event, the order is not final." *Mahon v. Vandygriff,* 578 S.W.2d 144 (Tex.Civ.App.1979, writ ref'd n.r.e.); *City of Houston v. Turner,* 355 S.W.2d 263 (Tex.Civ.App.1962, no writ). "'Final decision' means a decision which leaves nothing open to dispute. So long as matters remain open, unfinished or inconclusive there is no final decision." *Allen v. Crane,* 257 S.W.2d 357 (Tex.Civ.App.1953, writ ref'd n.r.e.); *Walker Creek Homeowners Ass'n. v. Texas Department of Health Resources,* 581 S.W.2d 196 (Tex. Civ.App.1979, no writ).

■ The Board's order on its face leaves a matter open for future disposition since it plainly permits the applicant to reopen its case within one hundred eighty days of November 8, 1985, and present evidence in an effort to meet the Board's stated objections. Should the applicant satisfy the Board's objections, presumably the Board will grant it an exemption or a permit. So long as matters remain open, unfinished or inconclusive, there is no final order. *Railroad Commission v. Air Products & Chemicals, Inc.,* 594 S.W.2d 219 (Tex.Civ. App.1980, writ ref'd n.r.e.).

Should we assume, as appellant argues, that the Board has no authority to afford the applicant an additional opportunity to qualify, this contention may be properly litigated following rendition of the Board's final order.

The judgment dismissing the administrative appeal is affirmed.

■

---

1. The Board claims that the Texas Clean Air Act, Tex.Rev.Civ.Stat.Ann. art. 4477–5 § 3.27 mandates inclusion in the order of the provision permitting the applicant to reopen the hearing.