**PEOPLE AGAINST CONTAMINATED ENVIRONMENT (P.A.C.E.), Appellant,**

v.

**ENVIROSAFE SERVICES OF TEXAS, INC., Appellee.**

Nos. 3–89–230–CV, 3–89–248–CV.

Court of Appeals of Texas, Austin.

Aug. 8, 1990.

Rehearing Overruled Sept. 12, 1990.

W. Thomas Buckle, Scanlan & Buckle, Austin, for appellant.

Scott Kidd, Brown Maroney & Oaks Hartline, Austin, for appellee.

Before SHANNON, C.J., and CARROLL and ABOUSSIE, JJ.

SHANNON, Chief Justice.

Appellee Envirosafe Services of Texas, Inc., filed a declaratory judgment suit coupled with a petition for mandamus in the district court of Travis County. Defendants in the proceeding were the Texas Water Commission (Water Commission) and the Texas Air Control Board (Air Control Board). Appellant People Against Contaminated Environment (PACE) filed a petition in intervention opposing the requested relief. Upon hearing, the district court rendered a declaratory judgment and conditionally granted the petition for mandamus. Only PACE has perfected an appeal. This Court will affirm the judgment.

A recitation of the procedural history of this proceeding is necessary to understand the issues presently before this Court. In September 1982, Envirosafe (appellee) submitted applications for the construction in Liberty County of an integrated hazardous waste management facility with the Water Commission and the Air Control Board. Appellee's facility required approval of both agencies. In its filing with the Air Control Board, appellee requested that certain emission sources within its facility be exempted from permitting requirements or, alternatively, that the Air Control Board issue a construction permit for such emission sources.

After hearing, the Air Control Board entered Order 85–3 denying appellee's application for an exemption or permit for construction. The order provided, however, that appellee would be allowed to reopen its case before the Board within one hundred-eighty days of November 8, 1985, to present evidence addressing the Board's objections to the application. PACE took an administrative appeal from that order to district court. Upon motion, the district court dismissed the administrative appeal because the Board order was not final. This Court affirmed the judgment. *PACE v. Texas Air Control Bd.*, 725 S.W.2d 810 (Tex.App.1987, writ ref'd n.r.e.).

Thereafter, within the one hundred-eighty day period, appellee filed a response and further information with the Air Control Board, addressing the Board's objections to its application. As a part of its submission, appellee requested that the hearing be reopened: "We are presently ready to proceed in this matter, and await instructions from the TACB staff regarding resumption of hearings now that the above-referenced matter has been reopened." Appellee's application remained pending before the Board. In 1986, appellee notified the Air Control Board that it would need to propose further modification to its pending application because of regulatory changes and requested that the Air Control Board hearing not be resumed before completion of the modifications. The Board took no further steps in processing the application and no further order was entered. In point of fact, Board order 85–3 is the same today as when reviewed by this Court in *PACE*, 725 S.W.2d 810.

After appellee had submitted its response and additional information to the Air Control Board, appellee determined that the proposed facility design would require additional modifications to comply with numerous statutory and regulatory changes that had come about during and after the Air Control Board hearing. Because of the complexity of the statutory and regulatory changes, modification of the facility design became an extended process involving technical consultation with the Water Commission. To the extent that appellee's facility required approval from both the Water Commission and the Air Control Board, appellee made a series of revisions respecting permit applications before both agencies.

After the Water Commission commenced its review of appellee's application, the agency suspended its processing of the application because there were doubts concerning whether the matter should proceed under the "one-stop permitting" amendment to the Texas Solid Waste Disposal Act, Tex.Rev.Civ.Stat.Ann. art. 4477–7, § 4(e)(4)(A) (Supp.1989).[1] Thereafter, the

---

**1.** 1987 Tex.Gen. Laws, ch. 279, § 4, at 1632 [*since codified* Tex. Health & Safety Code Ann. §§ 361.072–361.075 (Pamp.1990) ].

Water Commission refused appellee's request that it proceed with processing the application. The Water Commission further refused appellee's request that the matter be placed upon the Commission's agenda so that the issue could be addressed in open meeting. In the meantime, the Commission solicited an Attorney General's opinion concerning the jurisdiction of the respective agencies to entertain the proceeding.

By its suit, appellee sought a judgment declaring that the "one-stop permitting" provisions of the Solid Waste Disposal Act were applicable to its application for a facility. Appellee also petitioned for a writ of mandamus commanding the Water Commission to proceed with appellee's application without delay. PACE opposed appellee's requested declaratory relief and requested a declaration from the court that Air Control Board Order 85-3 was now final.

By its judgment, the district court declared that "one-stop permitting" was not applicable to appellee's applications. In this connection, the district court concluded that appellee's applications were excepted from the "one-stop" procedure by art. 4477–7, § 4(e)(4)(A)(ii) which relates to applications in which evidentiary hearings have previously commenced. The court declared that the two agencies should proceed in processing appellee's application as though "one-stop permitting" were not in effect. The district court concluded further that art. 4477–7, § 4(e)(4)(A)(ii) was constitutional. Contrary to PACE's claim, the district court declared that Air Control Board Order 85-3 was not a final administrative order. Finally, the district court conditionally granted appellee's petition for mandamus: "If the Texas Water Commission fails either to resume processing [appellee's] application without delay, or to continue to process [appellee's] application without delay according to the applicable statute and regulations, the writ [of mandamus] will issue."

No appellate complaint is leveled against that portion of the judgment declaring that art. 4477–7, § 4(e)(4)(A)(ii) is constitutional

and that "one-stop permitting" is not applicable to appellee's applications. Accordingly, that portion of the judgment is final.

By its first point of error, PACE attacks that part of the judgment declaring that the Air Control Board order is not a final administrative order. The Board order provides as follows:

NOW, THEREFORE, IT IS THE DECISION AND ORDER OF THE TEXAS AIR CONTROL BOARD THAT in accordance with the above Findings of Fact and Conclusions of Law, the Texas Air Control Board hereby denies Construction Permit and Exemption Application C–9175 to Envirosafe Services of Texas, Inc., and adopts the Specific Objections set out above. *Envirosafe Services of Texas, Inc. will be allowed to reopen its case before this agency within 180 days of November 8, 1985 to present evidence which addresses the objections stated by the Board.* (Emphasis supplied.)

The quoted order is the self-same order this Court considered in *PACE*, 725 S.W.2d 810. We determined there that the order was not final (a final administrative order is one that leaves nothing open for future disposition). This Court concluded in *PACE* that:

The Board's order on its face leaves a matter open for future disposition since it plainly permits the applicant to reopen its case within one hundred eighty days of November 8, 1985, and present evidence in an effort to meet the Board's stated objections. Should the applicant satisfy the Board's objections, presumably the Board will grant it an exemption or a permit. So long as matters remain open, unfinished or inconclusive, there is no final order. *Railroad Commission v. Air Products & Chemicals, Inc.*, 594 S.W.2d 219 (Tex.Civ.App.1980, writ ref'd n.r.e.).

Should we assume, as appellant argues, that the Board has no authority to afford the applicant an additional opportunity to qualify, this contention may be properly litigated following rendition of the Board's final order.

The judgment dismissing the administrative appeal is affirmed.

*Id.* at 811.

PACE claims that Board Order 85–3 is a "contingent order" that may become final "subject to, conditioned upon or contingent upon resolution of another matter." PACE advances *Big Three Industries, Inc. v. Railroad Comm'n,* 618 S.W.2d 543, 546 (Tex.1981), as authority for its argument. As this Court understands *Big Three Industries, Inc.,* the Supreme Court indicated that it is possible for an agency order to be transformed into a final order by the occurrence of an identifiable event.

Even so, if such be the holding in *Big Three Industries, Inc.,* Board Order 85–3 does not identify any event that would cause such order to become final, other than the Air Control Board's consideration and ruling upon appellee's additional proof. It is plain that appellee has filed additional proof and has requested that the matter be re-opened. Appellee has also filed modifications to its application pending before the Board. It is equally plain that the Air Control Board has not processed appellee's application nor acted upon appellee's modified application for exemption or permit for construction. In sum, the Air Control Board has made no disposition of appellee's application; accordingly, Order 85–3 is not final. Point of error one is overruled.

PACE has two other points of error, complaining that the district court erred in conditionally granting appellee's petition for mandamus. Each point hinges upon the premise that Order 85–3 is final. Because this Court has determined that the order is not final, it is not necessary to address those points.

Appellee requests that this Court impose sanctions upon PACE in the form of money damages for taking an appeal for "delay and without sufficient cause." The request is denied.

The judgment is affirmed.