BROWNING–FERRIS, INC., Appellant,

v.

Pershing JOHNSON, et al., Appellees.

No. 13754.

Court of Appeals of Texas, Austin.

Dec. 1, 1982.

Rehearing Denied Dec. 29, 1982.

Pike Powers, Austin, for appellant.

W. Thomas Buckle, Austin, for appellees.

Before PHILLIPS, C.J., and EARL SMITH and BRADY, JJ.

1. Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Supp. 1981).

2. The Texas Solid Waste Disposal Act, Tex. Rev.Civ.Stat.Ann. art. 4477–7 designated the Texas Department of Health as the solid waste agency with respect to the collection, handling, storage, processing, and disposal of municipal solid waste. Tex.Rev.Civ.Stat.Ann. art. 4414a

## ON MOTION FOR REHEARING

EARL W. SMITH, Justice.

We withdraw our opinion filed November 3, 1982, and issue this one in its place.

This is an appeal pursuant to the Administrative Procedure and Texas Register Act (APTRA)[1] reviewing the action of the Texas Department of Health in granting a permit to develop a solid waste disposal facility (landfill).[2] Appellant applied to the Department for a permit to build the landfill in Bexar County. In December 1980, and January 1981, hearings were conducted by the Department's hearing examiner. Appellant and appellees participated. These hearings extended over five days and developed 943 pages of testimony.

The hearing examiner submitted two proposals for decision. Both favored issuance of the permit. Instead of adopting either proposal, the Commissioner of Health scheduled another set of oral arguments during which no new evidence was permitted to be introduced. The Commissioner issued a permit (No. 1410) on July 8, 1981.

One of the most contested issues concerned how high the above ground (aerial) portion of the fill should be allowed to stand, assuming the permit was granted. The permit finally issued by the Commissioner was subject to a number of terms and conditions as authorized by Tex.Rev. Civ.Stat.Ann. art. 4477–7 § 4(e)(2) (Supp. 1981). One such provision specified the height should be limited to the highest elevation on the site. This is a lower elevation than the height requested in appellant's original application and than that approved in the hearing examiner's first proposal for decision. The Commissioner also ordered appellant to submit a revised *completion plan*[3] to the Department before any exca-

(Supp.1980) created the Texas Department of Health, consisting of the Texas Board of Health, the Commissioner of Health, and an administrative staff.

3. A landfill completion plan is a constructed map showing the final contour of the entire landfill to include internal drainage and side slopes plus accommodation of surface drainage

vation was begun. [Special provision E(2)][4]. The Department's own rules require that a completion plan be attached to permit applications. 25 Tex.Admin.Code § 325.5(b)(3)(F)(ix), Rule 301.82.01.020. Appellant's application was duly accompanied by such a plan.

Appellees filed a petition in the district court, Travis County, exercising their statutory right to appeal. Before the suit came on to be heard on the merits, appellees filed an amended motion for summary judgment which was controverted by defendant Texas Department of Health. Appellant Browning-Ferris intervened, however neither appellant nor the Department filed cross-motions for summary judgment.

The district court granted appellees' amended motion for summary judgment and remanded the case to the Commissioner with instructions to hold additional hearings on the plan and thereafter to decide whether to issue the permit. From the summary judgment in the district court, appellant prosecutes this appeal.

Pending oral argument and submission of this cause, appellees moved this Court for leave to file an original proceeding and tendered a petition requesting that we enjoin appellant from depositing solid waste materials above the level of the natural terrain of the landfill that is the subject of this dispute. Leave to file was granted and this Court issued the injunction.

### APPELLEES' MOTION TO DISMISS

The threshold question in this appeal is whether the district court's summary judgment was final and appealable, thus giving this Court jurisdiction to hear the appeal. Appellees have filed a motion to dismiss the appeal, and they argue this point as their first counterpoint. They contend that the court did not deal with all the issues before it when it rendered the summary judgment. Moreover, they say that the court's remand was limited to some issues and that other issues still remain before the trial court. Thus, they conclude that the judgment is not final and this Court has no jurisdiction to hear this appeal.

Appellees' argument relies upon *Railroad Commission of Texas v. Brazos River Gas Company*, No. 13,492, Tex.App.—Austin, April 28, 1982 (per curiam, not reported) wherein the Commission had entered a final order denying a rate increase. On appeal to the district court, Brazos moved under § 19(d)(2) of the APTRA that the agency record be supplemented by additional evidence. The court issued a limited remand with instructions that this be done. The order required the Commission to file any new evidence with the district court.

This Court followed the general rule that, to be final, a judgment must determine the rights of all the parties and dispose of all issues involved, so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Wagner v. Warnasch*, 295 S.W.2d 890 (Tex. 1956); *Roloff Evangelistic Enterprises, Inc. v. State*, 598 S.W.2d 697 (Tex.Civ.App.1980 no writ). In *Brazos Gas* this Court held the district court's judgment to be non-final and not appealable.

■ This appeal presents a different question and is controlled by *First Savings and Loan Association of Del Rio v. Lewis*, 512 S.W.2d 62 (Tex.Civ.App.1974, writ ref'd n.r.e.). We hold that we do have jurisdiction to hear this appeal. In *Del Rio* the Court held that the existence of a final judgment is determined, at least in part, by

---

entering and departing the completed fill area plus areas subject to flooding due to a 100 year frequency flood.

4. Special provision E(2) provides:

Not later than sixty days after the date of this permit, and prior to any excavation on site for waste disposal purposes, the permittee shall submit to the department revised landfill completion plan conforming to the above limitation and depicting the final contours of the entire landfill to include drainage and side slopes plus accommodation of surface drainage entering and departing the completed fill area. The *revised* landfill completion plan shall be accompanied by revised sectorized fill cross sections, typical fill cross sections and other plans which may require revision as a result of the above limitation.

the terms of the judgment. The Court wrote that:

> Although the [district] court passed on only a part of the administrative appeal . . ., the court remanded the entire cause to the Commissioner. As the court remanded the total cause to the Commissioner, and its judgment left nothing further for the court to decide, we are of the opinion that the judgment was final and appealable. . . .

An examination of the court's judgment in this appeal reveals that the entire cause was remanded to the agency. Accordingly, appellees' motion to dismiss is overruled along with their first counterpoint.

### APPELLEES' DUE PROCESS CONTENTIONS

In their first amended original petition, appellees advanced three theories of recovery. The first, entitled "Section 12 Cause of Action", complained that the Board of Health had unlawfully delegated its permitting authority to the Commissioner of Health. The second and third, combined under the title "Section 19 Cause of Action", complained that, by attaching special provision E(2) to the permit, the Commissioner left a fundamental issue open for determination at some future date. Appellees contended this was a failure upon the part of the Department to exercise its primary jurisdiction, and that the action cut off appellees' constitutional, statutory, and regulatory due process rights to have these issues adjudicated in a contested case. Appellees' amended motion for summary judgment reiterates these three theories.

The summary judgment rendered by the district court was grounded upon appellees' due process theory. The judgment recites:

> that Plaintiffs have been denied their constitutional, statutory and regulatory due process rights to have issues involving a landfill completion plan required under Special Provision E(2) of Permit No. 1410 adjudicated following a contested case hearing. . . .

The authority of the trial court to render this judgment hinges upon the final-ity of the Commissioner's order granting the permit. Although the doctrine of finality was originally designed to be applied to final *judgments,* it has been applied on numerous occasions to administrative orders. *See Southwestern Bell Telephone Company v. Public Utility Commission of Texas,* 615 S.W.2d 947 (Tex.Civ.App.1981, writ ref'd n.r.e.); *Railroad Commission of Texas v. Air Products and Chemicals,* 594 S.W.2d 219 (Tex.Civ.App.1980, writ ref'd n.r.e.); *Railroad Commission of Texas v. Brazos River Gas Company,* 594 S.W.2d 216 (Tex.Civ.App. 1980, writ ref'd n.r.e.); *Walker Creek Homeowners Association v. Texas Department of Health Resources,* 581 S.W.2d 196 (Tex.Civ.App.1979, no writ); *Mahon v. Vandygriff,* 578 S.W.2d 144 (Tex.Civ.App.1979, writ ref'd n.r.e.); *Payne v. Texas Water Quality Board,* 483 S.W.2d 63 (Tex.Civ.App. 1972, no writ); *City of Houston v. Turner,* 355 S.W.2d 263 (Tex.Civ.App.1962, no writ); *Allen v. Crane,* 257 S.W.2d 357 (Tex.Civ. App.1953, writ ref'd n.r.e.). This may have created some tension in the administrative process, especially with respect to those agencies whose monitoring process continues long after an order has issued or a permit has been granted. Nevertheless, the doctrine must be recognized herein, and unless the Commissioner's order in this case was final, the trial court had no jurisdiction to act.

This Court has considered the effect of agency conditions on finality of orders in several cases. In *Walker Creek, supra,* we recognized that some conditioning by an agency is permissible without rendering an order non-final. In that case, the Department had issued an order granting a landfill permit. The permit was subject to several conditions.

The first of these conditions required that the permitee, "properly close and plug all existing water wells in accordance with appropriate agency rules. Appellee shall also complete and submit a plugging report within sixty days after the date of this permit. . . . All plugging operations shall be tested by the party performing the operations in order to insure compliance with

the provisions of the above-mentioned Rule."

The second *Walker Creek* condition required the permittee to supply to the Department, "a certificate from a registered professional engineer that testing by a soils laboratory of soil layers, in their undisturbed, natural, or original condition, that will form the bottom and sides of such excavation has been performed and lining provided where necessary."

Finally, a third condition provided that, "when disposal operations are completed and/or before abandonment of the site, the disposal area shall be completely and properly closed in accordance with the regulations of the Department."

Referring to these conditions, this Court stated that, "Undoubtedly agencies may set certain conditions in a permit which must be satisfied before operation under the permit may commence.... The first [three] conditions quoted from the City's permit are examples." We have examined special provision E(2) closely and we are unable to distinguish it from the self-reporting requirements that we approved in *Walker Creek.*

One condition attached to the permit in *Walker Creek,* however, required that the permittee obtain a site access plan and *secure approval* for it from the Department. Since further action was contemplated by the agency, we held that the issued permit was not a final order from which appeal could be taken to the district court. Accordingly, the judgment of the trial court was vacated.

■ In the instant appeal, no further action was contemplated by the Department of Health with regard to special provision E(2). The condition did not require the permittee to secure Department approval of his completion plan. Consequently, there was a final appealable order from the agency, and the district court properly had jurisdiction to review the administrative agency's action.

■ We now turn to the question whether the summary judgment rendered by the court in favor of appellees was proper. Appellees' due process argument concerning the constitutionality of the Commissioner's order presents a question of law. *Texas State Board of Examiners in Optometry v. Carp,* 388 S.W.2d 409 (Tex.1965); *Marrs v. Railroad Commission,* 142 Tex. 293, 177 S.W.2d 941 (1944). It is axiomatic that due process requires but one adequate hearing in administrative proceedings. *English Freight Company v. Knox,* 180 S.W.2d 633 (Tex.Civ.App.1944, writ ref'd w.o.m.). Appellees contend that, by requiring the permittee to draft a completion plan subsequent to the public hearings, the agency, "failed to ever decide [that issue and converted] an adjudicatory decision-making function into a ministerial filing." They consider this action to violate their due process rights.

■ In rejecting the hearing examiner's proposals for decision and drafting his own, the Commissioner limited the aerial portion of the landfill to the highest presently existing elevation of the site.[5] Having done that, he proceeded with special provision E(2). This provision simply requires that an attachment, which was already included with the permittee's original application pursuant to the Department's rules, be revised to comply with the Commissioner's final order. The obvious purpose of special provision E(2) is to require proof that the changes necessitated by special provision E(1) also will comply with the Department's rules. Finally, special provision E(3) requires that the actual implementation of the completion plan be in accordance with special provisions E(1) and E(2) as well as Departmental regulations.

The purpose of these provisions is reiterated in the Commissioner's finding of fact number 24. As an added precaution, special provision F required that, "Site completion

and closure procedures shall be in accordance with the Department's Municipal Solid Waste Management Regulations." Considered together, special provisions E(1), E(2), E(3), F, and finding of fact number 24 merely establish, in the specific context of the permit under review, the standards mandated by the applicable agency rules.

The subject matter treated in special provision E(2) received intensive public discussion during the five days of hearings conducted in December 1980, and January 1981. In fact, the Commissioner made a finding of fact that during the hearings, "the above-ground portion [of the controversy] received the principal attention and emphasis." Appellants had attached a completion plan to their permit application and this plan was before the hearing examiner and the Commissioner. The Commissioner's decision modified the hearing examiner's proposals for decision. This required modification of the accompanying completion plan and does not violate due process if the original hearing was adequate. The granting or refusal of further hearings on a matter that previously has been before the agency on one or more earlier hearings is within the sound discretion of the Commissioner of Health; unless there is an abuse of discretion the courts do not interfere. *Pan American Petroleum Corporation v. Railroad Commission of Texas*, 335 S.W.2d 425 (Tex.Civ.App.1960, writ ref'd n.r.e.). We recognize the importance of administrative agencies developing a knowledgeable staff capable of deciding complex questions with regard to the areas they regulate. In this case, the Commissioner's order determined that the matters described in the landfill completion plan were fully and adequately explored in the extensive public hearings held before the hearing examiner. We rely upon the expert staff of the Department to insure that the modified plan complies with applicable agency regulations. If compliance is determined to be lacking, the agency has the power to revoke permit No. 1410.[6]

■ Nowhere in their motion for summary judgment, or briefs before this Court do appellees challenge whether substantial evidence supports the Department's action in granting permit No. 1410. If the agency's action were not supported by substantial evidence, such a contention should have been properly preserved through a cross-point of error. Tex.R.Civ.P. ann. 420 (Supp. 1982); *Tarin v. Tarin*, 340 S.W.2d 364 (Tex. Civ.App.1960, writ ref'd n.r.e.).

■ We hold that the inclusion of special provision E(2) to permit No. 1410 did not violate appellees' due process rights and that the trial court erred in granting summary judgment in their favor. Since appellant filed no cross-motion for summary judgment, this Court is precluded from rendering judgment in its favor. *CRA, Inc. v. Bullock*, 615 S.W.2d 175 (Tex.1981). However, there being no questions of law or fact remaining to be decided, the judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to set aside his order granting summary judgment and render judgment approving the decision of the Commissioner. Our disposition of this appeal mandates that the injunction issued by this Court and filed on July 8, 1982, be dissolved.

6. Tex.Rev.Civ.Stat.Ann. art. 4477–7 § 4(e)(8) provides:

The state agency has the authority, for good cause, to revoke or amend any permit it issues for reasons pertaining to public health, air or water pollution, land use or violation of this Act or of any other applicable laws or rules controlling the management of solid waste.