NORTH ALAMO 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-91-181-CV






NORTH ALAMO WATER SUPPLY CORPORATION,



 APPELLANT



vs.






TEXAS DEPARTMENT OF HEALTH AND BROWNING-FERRIS, INC.,



 APPELLEES





 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT



NO. 454,715, HONORABLE JOE DIBRELL, JUDGE PRESIDING



 




 North Alamo Water Supply Corp. (North Alamo) appeals a district court judgment
affirming the Texas Department of Health's (the Department's) decision to permit
Browning-Ferris, Inc. (Browning-Ferris) to develop a solid-waste disposal facility in South Texas. 
North Alamo raises numerous points of error, alleging due process violations, lack of substantial
evidence, and error pertaining to certain evidentiary issues. We overrule all of these points and
affirm the judgment of the district court.



THE CONTROVERSY


 In 1987 Browning-Ferris applied to the Department for a permit to construct and
operate a landfill as a municipal solid waste disposal facility in Hidalgo County. The Solid Waste
Disposal Act, Tex. Health & Safety Code Ann. §§ 361.001-.510 (Pamph. 1992) governs the
management and control of solid waste materials in this state. Id. at § 361.002. The Act provides
that, subject to certain exceptions, the Department of Health may require and issue permits
authorizing and governing the construction, operation, and maintenance of solid waste facilities
over which it has jurisdiction. Id. § 361.061. 

 Browning-Ferris's application for the permit was challenged by various entities,
including North Alamo, a non-profit water supply corporation which owns a water reservoir and
treatment facility within a quarter-mile of the proposed landfill. A water transmission line owned
by North Alamo actually crosses the proposed landfill site. After lengthy hearings on the
application, the Department issued Browning-Ferris a permit on September 19, 1988. The permit
included a number of special provisions; Special Provision E especially concerned North Alamo
and the other contesting parties: 



The seasonal high water table beneath the proposed site is established . . . at three
(3) feet, and the liner design and soil balance shall be revised accordingly. . . . 
[P]rior to any excavation on site for waste disposal purposes, the permittee shall
submit to the Department the appropriate revised narrative portions, calculations,
and drawings and other plans which may require revision as a result of the above
limitation.



 In seeking to overturn the Department's decision, North Alamo argued in the
district court that a permit conditioned upon Special Provision E's revisions was not a final order. 
North Alamo asserted that Special Provision E required material alterations to the landfill design
plans, but failed to afford the contestants any opportunity to challenge the revisions, thus denying
them due process of law. In addition, North Alamo asserted that the findings of fact upon which
the agency based its permit were contradictory and unsupported by the evidence. The district
court upheld the Department's decision to grant the permit to Browning-Ferris. 

 On appeal, North Alamo brings twelve points of error. In the first five points, it
complains of the district court's exercise of jurisdiction and assails particular evidentiary rulings. 
In the remaining seven points of error, North Alamo attacks the Department's findings of fact,
as well as the Department's failure to find certain other facts.



ANALYSIS


The "Finality" Issue. 

 We begin by addressing North Alamo's third point of error claiming that the permit
issued was not a final order. North Alamo argues that because the permit was conditioned on the
revisions set forth in Special Provision E, it was not a final agency order subject to judicial
review. We disagree. 

 This Court has recognized that an agency permit may contain conditions that do not
preclude its review as a final agency order. See Walker Creek Homeowners Ass'n v. Tex. Dep't
of Human Resources, 581 S.W.2d 196,198 (Tex. Civ. App. 1979, no writ). In Walker Creek this
Court held that "agencies may set certain conditions in a permit which must be satisfied before
operation under the permit may commence." Id. at 198. We also limited the conditions that an
agency may impose and still have issued a final order to those conditions not necessitating further
agency approval. Id. Because the conditional permit in Walker Creek expressly required further
agency approval, we held that it was not a final order subject to judicial review. In Browning-Ferris, Inc. v. Johnson, 644 S.W.2d 123 (Tex. App. 1982, writ ref'd n.r.e.), this Court
subsequently applied the Walker Creek principles to a state agency's grant of a waste-disposal
facility permit. In Johnson, however, we concluded that the conditional permit was final because
it did not require subsequent agency approval. See id. at 126-27. 

 The language of the contested permit before us today requires no subsequent
approval from the Department. Rather, it requires only that Browning-Ferris submit to the
Department "the appropriate narrative portions, calculations and drawings and other plans which
may require revision as a result of the above limitation." See Special Provision E, supra page 2. 
North Alamo nevertheless argues that Special Provision E impliedly requires subsequent approval
by the Department. We find this argument unpersuasive within the context of the overall
permitting process. The Department's permit requires Browning-Ferris to comply with: (1) the
permit's other express provisions, (2) the Solid Waste Disposal Act, and (3) the applicable agency
regulations. (1) Special Provision E establishes a seasonal high-water table of three feet and dictates
certain design revisions to accommodate this change in the water table. The revisions must meet
the standards set forth in other provisions of the permit and in the Department's regulations. 
Otherwise, Special Provision E does not expressly or impliedly require any agency approval of
the revisions. Rather, the Department's role is limited to ensuring that the revisions comply with
the applicable statutes and regulations. See id. at 128; Solid Waste Disposal Act, Tex. Health &
Safety Code Ann. §§ 361.221-.303 (Pamph. 1992) (discussing enforcement of orders and
permits); see also 25 Tex. Admin. Code. § 325.222 (1989) (Enforcement Policy). Because
nothing in the provision requires subsequent agency approval, we conclude that the permit is a
final agency order. We overrule North Alamo's third point of error.



Claims of Due Process Violations.

 In its sixth and eighth points, North Alamo claims that because it was not given the
opportunity to assail any of the design revisions, North Alamo was denied its rights to due
process. The seventh point of error alleges that the Department's own rules proscribe issuing
conditional permits. Because North Alamo participated in hearings on the contested permit and
because the revisions required by Special Provision E did not call for subsequent agency approval,
we believe North Alamo received all the process it was due. 

 This Court has previously held that due process requires but one adequate hearing
in administrative proceedings. Johnson, 644 S.W.2d at 127 (citing English Freight Co. v. Knox,
180 S.W.2d 633 (Tex. Civ. App. 1944, writ ref'd w.o.m.)). Prior to issuing this permit to
Browning-Ferris, the Department conducted hearings which addressed, among other things, the
design of the landfill liner. North Alamo participated in those hearings and voiced its concerns. 
The Department subsequently required some revisions to the liner design to address North
Alamo's concerns about the water table below the proposed landfill. 

 We believe the hearings have afforded North Alamo due process. North Alamo
participated in the procedures which established a three-foot seasonal high-water table and
required a more stringent liner design to protect this water table. Special Provision E requires
Browning-Ferris to redesign its liner to accommodate this revised water table; compliance
requirements are set forth in the Solid Waste Disposal Act and the Department's own regulations. 
The Department's sole remaining role is to ensure compliance with the applicable statutes and
regulations. No additional hearings are required. We overrule North Alamo's sixth and eighth
points of error.

 In its seventh point, North Alamo complains that 25 Tex. Admin. Code § 325.95(c)
(1989) prohibits issuance of a permit with conditions. After reviewing the regulation, we detect
nothing to support the claim that the Department violated its own procedures; indeed, the
regulation actually countenances the use of special provisions where appropriate. See id. 
Furthermore, we have previously noted in Walker Creek that the Solid Waste Disposal Act
specifically approved the issuance of conditional permits: "The permit shall include . . . the terms
and conditions on which the permit is issued. . . ." Walker Creek, 581 S.W.2d at 198 (citing
1969 Tex. Gen. Laws, ch. 405, § 4(e)(2), at 1322 (Tex. Rev. Civ. Stat. Ann. 4477-7, § 4(e)(2),
since repealed and codified at Tex. Health & Safety Code Ann. § 361.087(3) (Pamph. 1992)). 
We overrule appellant's seventh point.



District Court Decisions on Discovery and Expert Testimony. 

 North Alamo sought to introduce evidence in the district court supporting its claim
that the Department's decision to include Special Provision E violated North Alamo's due process
rights. In points of error one, two, four and five, North Alamo argues that the district court's
refusal to allow the requested discovery or to admit the expert testimony constituted an abuse of
discretion. We overrule each of these points.

 As a threshold matter, we note that a district court's review of an agency
administrative order is limited to a review of the record developed before the agency. 
Administrative Procedure and Texas Register Act, Tex. Rev. Civ. Stat. Ann. art. 6252-13a,
§ 19(d)(3) (Supp. 1992) (APTRA). Thus, the district court ordinarily could not allow the
introduction of evidence not contained in the agency record. There are two exceptions to this rule
-- a district court may consider newly-discovered evidence and evidence of procedural
irregularities occurring before the agency. APTRA § 19(d)(2,3). North Alamo attempts to
invoke the latter exception by referring to procedural irregularities.

 We reject the argument that including Special Provision E in this permit constitutes
a procedural irregularity that allows introduction of new evidence before the district court under
the exception in APTRA § 19(d)(3). North Alamo has not identified any irregularity in the
Department's proceedings. The fact that Special Provision E may require subsequent design
revisions as a condition of the permit does not suggest that the Department committed a procedural
irregularity during the course of its hearings prior to the issuance of the permit. Because we
believe the district court did not err in denying North Alamo's discovery requests, we overrule
North Alamo's first, second, and fifth points of error.

 North Alamo's complaint regarding the district court's exclusion of certain expert
testimony fails as well. North Alamo attempted to introduce the testimony of an expert witness
to show that Browning-Ferris's subsequent revisions actually constituted a redesign of the facility
and not merely compliance with Department regulations. Again, North Alamo fails to illustrate
any procedural irregularity during the hearings sufficient to trigger the exceptions allowing
introduction of evidence at the district court. We overrule the fourth point of error.


 

Substantial-Evidence Challenge.

 In its remaining four points of error, North Alamo challenges the evidentiary
support for issuance of the contested permit. North Alamo attacks the Department's findings of
fact as well as the Department's failure to make particular findings of fact. In doing so, it argues
that a substantial-evidence review mandates reversal.

 In City of League City v. Texas Water Comm'n, 777 S.W.2d 802 (Tex. App. 1989,
no writ), this Court summarized the standards governing appeal of an administrative order under
the substantial-evidence rule:


1. The findings, inferences, conclusions, and decisions of an agency are
presumed to be supported by substantial evidence, and the burden is on the
party contesting the order to prove otherwise;


2. In applying the substantial evidence test, the reviewing court is prohibited
from substituting its judgment for that of the agency as to the weight of the
evidence of questions committed to agency discretion;


3. Substantial evidence is more than a scintilla, but the evidence in the record
may preponderate against the decision of the agency and nonetheless amount
to substantial evidence;


4. The true test is not whether the agency reached the correct conclusion, but
whether some reasonable basis exists in the record for the action taken by the
agency;


5. The agency's action will be sustained if the evidence is such that reasonable
minds could have reached the conclusion that the agency must have reached
in order to justify its action.



Id. at 805 (citing Texas Health Facilities Comm'n v. Charter Medical-Dallas, Inc., 665 S.W.2d
446, 452-53 (Tex. 1984)). In attempting to reverse the actions of the Department on the basis of
a lack of substantial evidence, North Alamo assumes a heavy burden.

 


The Seasonal High Groundwater Table.

 In its ninth point of error, North Alamo asserts that Browning-Ferris's permit is
based upon conflicting findings of fact concerning the depth at which the seasonal high-groundwater table is found. North Alamo complains that the Department's determination of a
three-foot groundwater table conflicts with the Department's earlier findings that the groundwater
table was six feet. We understand the concern over the respective measurements to stem from the
potential contamination of the underground water. To the extent that the groundwater table is
located closer to the surface, a greater possibility exists that groundwater may be contaminated
by invading pollutants. A landfill design predicated on a three-foot groundwater table will require
more strenuous pollution controls than a design located over a six-foot groundwater table. The
Department "conservatively established" the three-foot figure in order to afford greater protection
to nearby groundwater. Although the Department's information suggested that the actual
groundwater table could be as far below the surface as six feet, in response to information
introduced by North Alamo and the other contestants at the hearing, the Department established
the three-foot groundwater table in order to require more stringent anti-pollution controls. We
cannot see how North Alamo or the citizens of Texas have been harmed by the Department's
adopting the shallower groundwater table urged by the contestants. Absent prejudice to North
Alamo's substantial rights, reversal is unwarranted. See APTRA § 19(e). We overrule the ninth
point of error. 



Requisite Financial Assurances.

 In the tenth point of error, North Alamo claims that the record contains no
evidence, or insufficient evidence, to support Browning-Ferris's mandatory showing of financial
responsibility. 

 The Department's regulations obligate a permit applicant to demonstrate financial
responsibility by furnishing certain "attachments" to any permit application. 


 

The applicant shall submit evidence of financial responsibility which assures the
department that he has sufficient assets to properly operate the site and to provide
proper closure. A firm commitment to provide backup equipment by lease,
purchase, or diversion from other activities is part of this responsibility. This
assurance may be in the form of performance bonds, letters of credit from
recognized financial institutions, company stockholder reports, trust funds, or
insurance in the case of privately owned facilities and by commissioners court or
city council resolution in the case of publicly owned facilities. The department
shall have the authority to require such financial responsibility as it deems
appropriate.



25 Tex. Admin. Code § 325.74(b)(6)(M) (1989) (emphasis added). 

 We have previously reviewed this regulation and have concluded that the last
sentence vests the agency with discretion to determine an applicant's financial responsibility. See
Lipsey v. Texas Dep't of Health, 727 S.W.2d 61, 70-71 (Tex. App. 1987, writ ref'd n.r.e.). Thus,
we address North Alamo's point of error as an allegation of abuse of discretion under APTRA §
19(e)(6) and not as a substantial-evidence question. (2) Id. 

 North Alamo challenges the Department's finding of fact no. 21 as an abuse of
discretion:


 

BFI provided sufficient assurance of its continuing financial and technological
ability to construct and operate the facility, to provide for adequate response to
emergencies at the facility, to provide backup equipment as needed, and to provide
adequate closure of and post-closure care at the facility. 



North Alamo complains that the only evidence of continuing financial ability supplied to the
Department came from Browning-Ferris Industries, Inc., the parent corporation of the applicant,
Browning-Ferris, Inc. This complaint is well-founded. However, we cannot overlook the broad
discretion conferred upon the Department by its own regulation: "The Department shall have the
authority to require such financial responsibility as it deems appropriate." In addition to the
financial records of the applicant's parent corporation, the Department apparently relied upon the
testimony of Mr. Derdyn, a vice-president of Browning-Ferris, Inc., that the parent corporation
provided financing to its subsidiaries on a regular basis, both for their capital budgets and for their
operating expenses outside the capital budget items. Additionally, Mr. Derdeyn testified that the
applicant would secure either a surety bond or a corporate letter of credit in the amount of the
estimated cost of closure of the landfill. Finally, Mr. Derdeyn discussed the applicant's plans to
procure back-up equipment through rental arrangements with local vendors. We also note that
North Alamo expressed to the hearing examiner its concern that only the parent corporation's
financial status had been disclosed to the Department. 

 We agree that Mr. Derdeyn's testimony, coupled with financial disclosures of the
parent corporation, is slim evidence indeed of the applicant's financial condition. But the
controlling regulation provides no objective criteria by which to measure appropriate evidence of
financial assurance. Under these circumstances, we think that the evidence contained in the record
is sufficient to withstand North Alamo's challenge to the Department's exercise of discretion. We
overrule the tenth point of error.



Fire Protection and Litter Control. 

 In its remaining two points of error, North Alamo challenges the Department's
findings that Browning-Ferris's permit application adequately protects the health, welfare and
property of the citizenry. North Alamo claims that the Department erred by failing to find to the
contrary. We disagree. 

 With regard to the issue of fire protection at the landfill site, North Alamo directs
our attention to the Department's own regulation:



Permanent drainage facilities shall be constructed between the toe of an aerial fill
and the adjacent property line, if applicable. . . . A width sufficient to provide for
passage and working space for maintenance equipment, fire-fighting vehicles, etc.,
shall be permanently maintained between the toe of the slope of an aerial fill and
the inside backslope of the appropriate perimeter drainage facility.



25 Tex. Admin. Code. § 325.74(b)(6)(G)(iii) (1989) (emphasis added). North Alamo argues that
this regulation requires the construction of a road to accommodate fire vehicles. Because
Browning-Ferris's permit does not provide for such a road, and the evidence before the
Department reveals no plans for any such road, North Alamo argues that the Department's
findings were erroneous and that contrary findings were required.

 The eleventh point of error involves the interpretation of an administrative rule or
regulation; we believe this involves a question of law. In this case the appropriate standard of
review is abuse of discretion, not a substantial-evidence standard. Sonic Drive-In v. Hernandez,
797 S.W.2d 254, 255-56 (Tex. App. 1990, writ denied). 

 The Department did not interpret its regulation to require the construction of a
road. We cannot say that the Department erred in this regard; the plain language in the regulation
refers only to maintaining an adequate "width" to allow vehicles to pass. Whether this creates a
requirement to construct a road is an interpretation best left to agency discretion. Though not
binding on a court, the interpretation of a regulation by an agency charged with its enforcement
is entitled to substantial weight. Dallas Transit Sys. v. Mann, 750 S.W.2d 287, 290 (Tex. App.
1988, no writ). We hold that the Department did not abuse its discretion by finding that the applicant met adequate fire protection standards by maintaining a width sufficient
for vehicles to pass without constructing a road.

 The Department's finding that the landfill design adequately protects the health,
welfare, and property of the citizenry by providing adequate fire protection is properly challenged
under the substantial-evidence standard. Evidence constituting more than a scintilla will amount
to substantial evidence, even where the evidence in the record may preponderate against the
decision of the agency. City of League City, 777 S.W.2d at 805. Reviewing the record, we see
that the Department noted the presence of fire-fighting equipment on the premises at all times and
relied upon this to support its implied finding of adequate fire protection. This is more than a
scintilla of evidence and North Alamo's substantial-evidence challenge fails. We overrule the
eleventh point of error. 

 Finally, North Alamo complains of the Department's failure to find that additional
litter-control measures were necessary to safeguard the welfare of the surrounding community. 
North Alamo claims that the Department ignored evidence that unauthorized dumping at and near
the site would prove hazardous to the community's welfare. Under the terms of the permit,
however, Browning-Ferris is charged with daily pick-up of loose materials. Further, roads
leading to the site are to be cleaned periodically by Browning-Ferris's employees. By including
these requirements, the Department implicitly contemplated the very issues complained of in this
point of error. We overrule North Alamo's twelfth point of error.



CONCLUSION


 Finding no error, we affirm the judgment of the district court.



 

 Bea Ann Smith, Justice

[Before Justices Jones, Kidd and B. A. Smith]

Affirmed

Filed: June 3, 1992

[Publish]
1.   The Department has promulgated extensive regulations implementing the provisions of
the Solid Waste Disposal Act. See Tex. Dep't of Health, 25 Tex. Admin. Code. §§ 325.1-.1009 (1989 & Supp. 1992).
2.   In its reply to appellee's brief, North Alamo implicitly acknowledges this abuse-of-discretion standard but argues that the Department completely ignored Browning Ferris's
financial condition because the record contains no evidence of its financial responsibility,
as distinct from the financial condition of its parent company, Browning Ferris
Industries, Inc.