TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-03-00692-CV






George M. Wawrykow, Ph.D., Appellant


v.


Texas State Board of Examiners of Psychologists, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN000816, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 The Texas State Board of Examiners of Psychologists ("the Board") brought an
administrative action against appellant Dr. George Wawrykow that was dismissed following an
appeal to this Court. In a subsequent action, appellant brought a claim in district court to recover
attorney's fees and costs related to the administrative proceedings. (1) The trial court denied these
claims. Appellant raises three points of error. First, appellant contends that he is not barred from
bringing a separate action under chapter 2006 of the government code ("Chapter 2006") and chapter
105 of the civil practice and remedies code ("Frivolous Claims Act"), which permit recovery of
attorney's fees and costs from actions brought by state agencies, because no final order was issued
by the Board. See Tex. Gov't Code Ann. § 2006.011-2006.016 (West 2000); Tex. Civ. Prac. & Rem.
Code Ann. § 105.001-105.004 (West 1997). Second, because the administrative order was appealed
to the district court and the court of appeals, he argues that the Frivolous Claims Act, which applies
to civil actions, should apply to his recovery request. Third, he argues that, if only Chapter 2006
applies, sufficient evidence exists to satisfy the statute's requirement that the proceeding was
groundless and brought in bad faith or for the purposes of harassment. We overrule the first
contention and affirm; because appellant was barred from bringing this action, we do not reach the
second and third points of error.


SUMMARY OF FACTS


 The facts underlying this appeal began in 1992, when a psychiatrist at Cypress Creek
Hospital in Houston wrote a letter to the Board alleging improper actions on the part of appellant
regarding treatment of a common patient. In response, the Board proposed an agreed order that listed
several sanctions, including license suspension. Appellant refused to sign the order, so the Board
initiated an administrative hearing before the State Office of Administrative Hearings ("SOAH"). 
Within thirty days after receipt of the Board's formal hearing notice, appellant filed a motion for
attorney's fees and costs under the Frivolous Claims Act and under the predecessor to Chapter 2006. 
After a hearing, the Administrative Law Judge ("ALJ") recommended, and the Board then ordered,
that appellant's license be suspended for one year and that appellant pay a $1,000 fine. Although
appellant presented evidence of attorney's fees in the SOAH proceeding, because the judgment did
not favor him, no fees were awarded. The 353rd district court of Travis County affirmed the order
and specifically denied an award of attorney's fees.

 On appeal from that judgment, this Court in March 1998 reversed the district court
because the Board had retroactively applied the 1994 version of sections 23(a)(6) and 23(a)(7) of the
Psychologists' Certification and Licensing Act, rather than the 1991 version that was in force at the
time of the incidents giving rise to the Board's action. See Wawrykow v. Texas State Bd. of Exam'rs
of Psychologists, 1998 W.L. 91147 (Tex. App.--Austin 1998, no pet.) (not designated for
publication). This Court did not address the issue of attorney's fees because it was not raised. Id. 
On remand, the Board dismissed the administrative action against appellant but took no action on
the motion for attorney's fees. Six months later, appellant's attorney sent a letter to the Board
requesting payment of his fees, which the Board refused. Although there is some question about the
exact date, appellant received notice of the Board's dismissal of the administrative action no later
than December 14, 1998. 

 Appellant neither renewed his motion for attorney's fees and costs nor filed a motion
for rehearing following notice of dismissal. Instead, he brought the instant suit in March 2000. The
district court held that the Board's dismissal of the underlying administrative action was a final and
unappealable decision on the claims and denied recovery. This appeal followed.


DISCUSSION


 In his first point of error, appellant claims that the trial court erred in concluding that
the Board's dismissal of the enforcement action acted as a final judgment on all issues related to the
initial administrative proceedings. He claims that both Chapter 2006 and the Frivolous Claims Act
contemplate separate actions, after dismissal or a judgment favorable to the individual, for the award
of fees and costs. The Board responds that, because the underlying administrative action became
a final judgment, appellant waived his claim for fees and costs by failing to timely perfect an appeal
of that action.

 The Administrative Procedure Act governs proceedings involving state agencies such
as the Board. See Tex. Gov't Code Ann. § 2001.003(1), (7) (West 2000); see also Tex. Occ. Code
Ann. § 501.051 (West 2004). Under the Act, a decision by an agency become final and unappealable
if the opponent does not file a motion for rehearing within twenty days of notice of the decision. 
Tex. Gov't Code Ann. § 2001.144(a)(1), .145(a), .146(a) (West 2000). Due process only requires
one adequate hearing in administrative proceedings. Browning-Ferris, Inc. v. Johnson, 644 S.W.2d
123, 127 (Tex. App.--Austin 1982, writ ref'd n.r.e.). Further, the Texas Supreme Court has
announced a strong preference that continued litigation of issues or piecemeal litigation should be
discouraged in regard to state regulatory agencies. See Coalition of Cities for Affordable Util. Rates
v. Public Util. Comm'n of Tex., 798 S.W.2d 560, 563 (Tex. 1990). Accordingly, if an administrative
order arising from an administrative proceeding is unequivocal, then it is final, and res judicata bars
the retrial of claims pertaining to this same cause of action. Id. at 562-63. To determine whether
an administrative order is final and unappealable, the approach is flexible and practical. Texas-New
Mexico Power Co. v. Texas Indus. Energy Consumers, 806 S.W.2d 230, 232 (Tex. 1991). Generally,
a court will find finality if an administrative order imposes an obligation, denies a right or fixes some
legal relationship as a consummation of the administrative process. Id. This Court has held that
when an agency contemplates "no further action," that constitutes a final order. See Johnson, 644
S.W.2d at 127. 

 Before appellant filed the instant case for recovery of fees and costs under the
Frivolous Claims Act and Chapter 2006, he had already submitted claims and had evidence heard
for recovery of the same fees and costs under both of those statutes in the initial hearing before
SOAH. The Board contemplated no further action in that proceeding when it decided to dismiss its
complaint. Furthermore, when appellant's attorney sent a letter dated November 5, 1998, requesting
payment of fees and expenses, the Board explicitly rejected that request. This letter of rejection,
dated December 10, 1998, and stamped "received" by appellant's attorney on December 14, 1998,
also notified appellant that "the Board dismissed the complaint against Mr. Wawrykow." When
appellant did not file a motion for rehearing by Monday, January 4, 1999, the Board's decision
regarding all claims in this proceeding became final and unappealable. Accordingly, we hold that,
because the claims for fees and costs were pursued and denied in the initial administrative
proceeding, those claims are final and unappealable; retrial of those claims in a separate proceeding
is barred. (2)

 Because we overrule appellant's first point of error by holding that he could not retry
his recovery claims, we need not reach whether the Frivolous Claims Act applies to actions that
originate as administrative hearings or whether sufficient evidence existed to prove bad faith or
harassment under Chapter 2006.


CONCLUSION


 In the initial administrative proceedings, appellant submitted claims under both
Chapter 2006 and the Frivolous Claims Act. The Board made a decision on those claims, appellant
took no timely action in response to that decision, and it became final and unappealable. Appellant
was therefore barred from again trying those same claims under the statutes. The trial court properly
found that a new action was improper and denied recovery. The judgment of the trial court is
affirmed.



 

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: May 5, 2005

1. The record before us consists only of the Clerk's Record and Reporter's Record from the
district court; it does not include the record from the underlying administrative proceedings. The
facts concerning the administrative proceedings are taken from the parties' briefs to this court and
the district court record. See Tex. R. App. P. 38.1(f).
2. Appellant had remedies to challenge the initial denial of fees and costs. For example, both
recovery statutes provide that, following dismissal, the movant can request the court or
administrative officer in the initial proceeding to make the fee and cost award. Tex. Civ. Prac. &
Rem. Code Ann. § 105.003(c) (West 1997) (following dismissal of action party must submit motion
to recover fees and expenses); Tex. Gov't Code Ann. § 2006.015(a) (West 2000) (following
dismissal hearings officer must determine if fees warranted). Appellant made no such request of the
administrative law judge. Alternatively, appellant could have filed a motion for rehearing on the
issue of fees and costs within twenty days of notice of the Board's decision. Tex. Gov't Code Ann.
§ 2001.144(a)(1), .146(a) (West 2000). The Board may then have granted the motion, or if denied,
appellant would then have preserved an appeal for judicial review of the decision by the district
court. Id. at § 2001.145(a); see also City of Port Arthur v. Southwestern Bell Tel. Co., 13 S.W.3d
841, 844 (Tex. App.--Austin 2000, no pet.) (filing motion for rehearing necessary for judicial
review of administrative proceeding). As noted above, appellant filed no motion for rehearing.