# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00692-CV

George M. Wawrykow, Ph.D., Appellant

v.

Texas State Board of Examiners of Psychologists, Appellee

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
### NO. GN000816, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas State Board of Examiners of Psychologists ("the Board") brought an administrative action against appellant Dr. George Wawrykow that was dismissed following an appeal to this Court. In a subsequent action, appellant brought a claim in district court to recover attorney's fees and costs related to the administrative proceedings.[1] The trial court denied these claims. Appellant raises three points of error. First, appellant contends that he is not barred from bringing a separate action under chapter 2006 of the government code ("Chapter 2006") and chapter 105 of the civil practice and remedies code ("Frivolous Claims Act"), which permit recovery of attorney's fees and costs from actions brought by state agencies, because no final order was issued

---

[1] The record before us consists only of the Clerk's Record and Reporter's Record from the district court; it does not include the record from the underlying administrative proceedings. The facts concerning the administrative proceedings are taken from the parties' briefs to this court and the district court record. *See* Tex. R. App. P. 38.1(f).

by the Board. *See* Tex. Gov't Code Ann. § 2006.011-2006.016 (West 2000); Tex. Civ. Prac. & Rem. Code Ann. § 105.001-105.004 (West 1997). Second, because the administrative order was appealed to the district court and the court of appeals, he argues that the Frivolous Claims Act, which applies to civil actions, should apply to his recovery request. Third, he argues that, if only Chapter 2006 applies, sufficient evidence exists to satisfy the statute's requirement that the proceeding was groundless and brought in bad faith or for the purposes of harassment. We overrule the first contention and affirm; because appellant was barred from bringing this action, we do not reach the second and third points of error.

## SUMMARY OF FACTS

The facts underlying this appeal began in 1992, when a psychiatrist at Cypress Creek Hospital in Houston wrote a letter to the Board alleging improper actions on the part of appellant regarding treatment of a common patient. In response, the Board proposed an agreed order that listed several sanctions, including license suspension. Appellant refused to sign the order, so the Board initiated an administrative hearing before the State Office of Administrative Hearings ("SOAH"). Within thirty days after receipt of the Board's formal hearing notice, appellant filed a motion for attorney's fees and costs under the Frivolous Claims Act and under the predecessor to Chapter 2006. After a hearing, the Administrative Law Judge ("ALJ") recommended, and the Board then ordered, that appellant's license be suspended for one year and that appellant pay a $1,000 fine. Although appellant presented evidence of attorney's fees in the SOAH proceeding, because the judgment did not favor him, no fees were awarded. The 353rd district court of Travis County affirmed the order and specifically denied an award of attorney's fees.

On appeal from that judgment, this Court in March 1998 reversed the district court because the Board had retroactively applied the 1994 version of sections 23(a)(6) and 23(a)(7) of the Psychologists' Certification and Licensing Act, rather than the 1991 version that was in force at the time of the incidents giving rise to the Board's action. *See Wawrykow v. Texas State Bd. of Exam'rs of Psychologists*, 1998 W.L. 91147 (Tex. App.—Austin 1998, no pet.) (not designated for publication). This Court did not address the issue of attorney's fees because it was not raised. *Id*. On remand, the Board dismissed the administrative action against appellant but took no action on the motion for attorney's fees. Six months later, appellant's attorney sent a letter to the Board requesting payment of his fees, which the Board refused. Although there is some question about the exact date, appellant received notice of the Board's dismissal of the administrative action no later than December 14, 1998.

Appellant neither renewed his motion for attorney's fees and costs nor filed a motion for rehearing following notice of dismissal. Instead, he brought the instant suit in March 2000. The district court held that the Board's dismissal of the underlying administrative action was a final and unappealable decision on the claims and denied recovery. This appeal followed.

## DISCUSSION

In his first point of error, appellant claims that the trial court erred in concluding that the Board's dismissal of the enforcement action acted as a final judgment on all issues related to the initial administrative proceedings. He claims that both Chapter 2006 and the Frivolous Claims Act contemplate separate actions, after dismissal or a judgment favorable to the individual, for the award of fees and costs. The Board responds that, because the underlying administrative action became

3

a final judgment, appellant waived his claim for fees and costs by failing to timely perfect an appeal of that action.

The Administrative Procedure Act governs proceedings involving state agencies such as the Board. *See* Tex. Gov't Code Ann. § 2001.003(1), (7) (West 2000); *see also* Tex. Occ. Code Ann. § 501.051 (West 2004). Under the Act, a decision by an agency become final and unappealable if the opponent does not file a motion for rehearing within twenty days of notice of the decision. Tex. Gov't Code Ann. § 2001.144(a)(1), .145(a), .146(a) (West 2000). Due process only requires one adequate hearing in administrative proceedings. *Browning-Ferris, Inc. v. Johnson*, 644 S.W.2d 123, 127 (Tex. App.—Austin 1982, writ ref'd n.r.e.). Further, the Texas Supreme Court has announced a strong preference that continued litigation of issues or piecemeal litigation should be discouraged in regard to state regulatory agencies. *See Coalition of Cities for Affordable Util. Rates v. Public Util. Comm'n of Tex.*, 798 S.W.2d 560, 563 (Tex. 1990). Accordingly, if an administrative order arising from an administrative proceeding is unequivocal, then it is final, and *res judicata* bars the retrial of claims pertaining to this same cause of action. *Id*. at 562-63. To determine whether an administrative order is final and unappealable, the approach is flexible and practical. *Texas-New Mexico Power Co. v. Texas Indus. Energy Consumers*, 806 S.W.2d 230, 232 (Tex. 1991). Generally, a court will find finality if an administrative order imposes an obligation, denies a right or fixes some legal relationship as a consummation of the administrative process. *Id*. This Court has held that when an agency contemplates "no further action," that constitutes a final order. *See Johnson*, 644 S.W.2d at 127.

Before appellant filed the instant case for recovery of fees and costs under the Frivolous Claims Act and Chapter 2006, he had already submitted claims and had evidence heard for recovery of the same fees and costs under both of those statutes in the initial hearing before SOAH. The Board contemplated no further action in that proceeding when it decided to dismiss its complaint. Furthermore, when appellant's attorney sent a letter dated November 5, 1998, requesting payment of fees and expenses, the Board explicitly rejected that request. This letter of rejection, dated December 10, 1998, and stamped "received" by appellant's attorney on December 14, 1998, also notified appellant that "the Board dismissed the complaint against Mr. Wawrykow." When appellant did not file a motion for rehearing by Monday, January 4, 1999, the Board's decision regarding all claims in this proceeding became final and unappealable. Accordingly, we hold that, because the claims for fees and costs were pursued and denied in the initial administrative proceeding, those claims are final and unappealable; retrial of those claims in a separate proceeding is barred.[2]

---

[2] Appellant had remedies to challenge the initial denial of fees and costs. For example, both recovery statutes provide that, following dismissal, the movant can request the court or administrative officer in the initial proceeding to make the fee and cost award. Tex. Civ. Prac. & Rem. Code Ann. § 105.003(c) (West 1997) (following dismissal of action party must submit motion to recover fees and expenses); Tex. Gov't Code Ann. § 2006.015(a) (West 2000) (following dismissal hearings officer must determine if fees warranted). Appellant made no such request of the administrative law judge. Alternatively, appellant could have filed a motion for rehearing on the issue of fees and costs within twenty days of notice of the Board's decision. Tex. Gov't Code Ann. § 2001.144(a)(1), .146(a) (West 2000). The Board may then have granted the motion, or if denied, appellant would then have preserved an appeal for judicial review of the decision by the district court. *Id*. at § 2001.145(a); *see also City of Port Arthur v. Southwestern Bell Tel. Co.*, 13 S.W.3d 841, 844 (Tex. App.—Austin 2000, no pet.) (filing motion for rehearing necessary for judicial review of administrative proceeding). As noted above, appellant filed no motion for rehearing.

Because we overrule appellant's first point of error by holding that he could not retry his recovery claims, we need not reach whether the Frivolous Claims Act applies to actions that originate as administrative hearings or whether sufficient evidence existed to prove bad faith or harassment under Chapter 2006.

## CONCLUSION

In the initial administrative proceedings, appellant submitted claims under both Chapter 2006 and the Frivolous Claims Act. The Board made a decision on those claims, appellant took no timely action in response to that decision, and it became final and unappealable. Appellant was therefore barred from again trying those same claims under the statutes. The trial court properly found that a new action was improper and denied recovery. The judgment of the trial court is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: May 5, 2005